FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 OCT 30 PM 2:14
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BARTHOLOMEW B. JONES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 113-192 |
| | ) |
| MARTY ALLEN, | ) |
| | ) |
| Respondent. | ) |

___

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

### I. BACKGROUND

Petitioner, who pled guilty to a Jefferson County, Georgia indictment, originally brought this case in the Middle District of Georgia. The petition was transferred to this District by United States District Judge Hugh Lawson in accordance with the policy and practice of the federal courts in all three Districts of Georgia to transfer actions attacking

state convictions to the District in which the original criminal proceedings were conducted. (Doc. no. 5.) In the instant § 2254 petition, Petitioner attempts to challenge his convictions for rape, armed robbery, aggravated assault, and burglary, all of which he pled guilty to in the Superior Court of Jefferson County, Georgia, on July 21, 2000. (Doc. 1, p. 3.) On the same day, Petitioner was given a life sentence. (Id.)

Petitioner's first § 2254 petition, which was dated April 14, 2008, was filed by the Clerk of Court on April 18, 2008. See Jones v. Upton, CV 108-048, doc. no. 1 (S.D. Ga. Apr. 18, 2008) (hereinafter "CV 108-048"). Therein, Petitioner attempted to attack the same convictions at issue here, claiming that he was denied effective assistance of counsel, prosecutorial misconduct, that he failed to receive a competency hearing, that the trial judge and his counsel failed to inform him of his right to appeal a guilty plea, and that there was insufficient evidence to support his conviction.[1] See id. at 4-5. On May 23, 2008, this Court conducted a review of the petition, finding that the petition was time-barred by the applicable one-year statute of limitations for federal petitions pursuant to 28 U.S.C. § 2244(d). Id., doc. no. 4. United States District Judge J. Randal Hall adopted this Court's recommendation as the opinion of the District Court and dismissed that case. Id., doc. no. 8.

Petitioner then alleges that he filed a state habeas petition on September 10, 2008, which was dismissed as time-barred by the applicable four-year statute of limitations in

---

[1]Exercising its discretion to take judicial notice of its own records, see Bobadilla v. Aurora Loan Servs., LLC, 478 F. App'x 625, 627 (11th Cir. 2012) (*per curiam*), the Court derives information concerning Petitioner's filing history from Petitioner's previous filings with this Court.

Georgia for seeking state habeas relief, pursuant to O.C.G.A. § 9-14-42(c). (Doc. no. 1, p. 34.)

Petitioner next filed the instant § 2254 petition, which is now before the Court for initial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[2] In his current petition, Petitioner again argues that he was denied effective assistance of counsel and that there was insufficient evidence to support his conviction, and he adds new claims concerning an inadequate indictment, that his guilty plea was not voluntary or knowingly entered, and that the clerk of court refused him copies of the records and criminal case files for twelve years. (Doc. no. 1, pp. 19-30.)

## II. DISCUSSION

Within this Court's records is Petitioner's previous petition for a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, this Court's Report and Recommendation ("R&R") addressing Petitioner's previous petition, and Judge Hall's Order adopting that R&R as the opinion of the Court. CV 108-048, doc. nos. 1, 4, 8. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application the second such petition he has filed in this Court.

---

[2] In pertinent part, this Rule states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Here, Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . .").

Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus, and this Court has received no authorization to address an application such as the instant one. As a result, this Court lacks authority to address Petitioner's application.

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 30th day of October, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE